UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LISA MARIE FOX,

            Plaintiff,                      Case No. 15-10968

v                                        Honorable Thomas L. Ludington

CAROLYN W. COLVIN,
Commissioner of social security,

            Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Magistrate Judge Anthony P. Patti authored a Report and Recommendation addressing Plaintiff Lisa Marie Fox's motion for summary judgment and Defendant commissioner of social security, Carolyn W. Colvin's, motion for summary judgment. ECF Nos. 13, 17. In the report and recommendation, Judge Patti recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. ECF No. 19. Plaintiff timely filed objections. ECF No. 22.

Pursuant to a de novo review of the record, Plaintiff Fox's objections will be overruled and the report and recommendation will be adopted. Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.**

The Magistrate Judge adequately summarized the background of this case in his January report and recommendation, with a single exception. As Plaintiff Fox notes in her first objection,

the report and recommendation mistakenly notes that Dr. Sabbagh found that Plaintiff had a "right ankle jerk" in his June 1, 2012 report. As noted by Plaintiff, Dr. Sabbagh actually found that Plaintiff Fox had an "absent right ankle jerk." *See* Tr. 424. With the exception of this scrivener's error, the summary as set forth by the magistrate judge in his report and recommendation is adopted in full.

**II.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

**III.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

Plaintiff Fox raises eleven objections to the Magistrate Judge's report and recommendation. The first three of Plaintiff's objections will be specifically addressed by this Court. The remainder of Plaintiff's objections consists primarily of allegations that neither the ALJ nor the magistrate judge properly understands the evidence or social security law, general disagreement with the magistrate judge's findings, restatements of arguments previously presented and rejected by the magistrate judge, and hypothetical questions. These objections are improper and will be overruled.

**A.**

In her first objection, Fox argues that by failing to correctly find that Fox had an "absent right ankle jerk", the magistrate judge missed a critical piece of evidence that qualifies Fox under Listed Impairment 1.04 and rebuts the ALJ's conclusion that Fox was not disabled. To the

contrary, the magistrate judge's scrivener's error regarding Fox's absent right ankle jerk had no bearing on his later analysis. *See* ECF No. 19, pp. 21-23. Furthermore, the finding of an absent right ankle jerk does not undercut any of the substantial evidence in the record supporting the ALJ's determination that Fox did not qualify under Listed Impairment 1.04. Plaintiff Fox's first objection will be overruled.

**B.**

In her second objection, Fox argues that the magistrate judge gave a prejudicial summary of Doctor Williams' findings. Her argument apparently rests on a contention that the magistrate judge's summary of the report was not long enough. However, the magistrate judge's summary of the facts was just that – a summary. Neither justice nor judicial efficiency would be served by requiring magistrate judge's to set forth every single fact and finding in an over 400 page social security transcript. The magistrate judge's report accurately provides a background of the relevant facts underlying Fox's disability claims.

In a corollary argument, Fox argues that the ALJ improperly credited the "great weight" that the ALJ placed on the findings of Doctor Thomas Tsai, MD, a non-treating psychiatrist. As part of that argument, Plaintiff Fox erroneously claims that Doctor Tsai's findings failed to consider any of Doctor Williams' office notes. TR. 92-93, 404-408. As explained by the magistrate judge in his report, "nothing in the Regulations indicates that the ALJ was not entitled to rely on the opinion of a non-examining physician. Instead, such individuals are considered 'highly qualified physicians and psychologists who are also experts in Social Security disability evaluation,' such that ALJ's 'must consider' their findings as opinion evidence." ECF No. 19 (Citing 20 C.F.R. § 416.927(e)(2)(i). The magistrate judge then noted that Doctor Tsai's opinion was supported by other evidence in the record, including Plaintiff Fox's own testimony that she

was able to get along with her daughters, keep in contact with friends and neighbors, and maintain close contact with her best friend. *See* TR. 18, 411. Because the ALJ gave sufficient reasons for affording great weight to the findings and opinion of Doctor Tsai, Fox's second objection will be overruled.

## C.

In her third objection, Plaintiff Fox argues that the magistrate judge did not properly address her argument that her condition was equivalent to Listed Impairment 1.04A. In his report, the magistrate judge specifically found that Plaintiff could not meet or equal Listing 1.04A because the record demonstrates that Plaintiff Fox had full muscle strength. In her objections Plaintiff Fox acknowledges that there is no direct evidence of muscle weakness in the record. *See* ECF No. 22, p. 7.

Not only is there no evidence that Fox suffered from any muscle weakness, but the ALJ specifically found that Fox's disorder of the spine was "not characterized by nerve root compression with the necessary motor loss and sensory reflex loss." TR. 17. The ALJ further found that there was no evidence of "positive straight leg raising tests (both sitting and supine). *Id*. As noted by the magistrate, the record contains substantial evidence of a negative straight leg test and evidence of a single borderline positive straight leg raise test on the right leg only. TR 337, 339. Fox's equivalence argument primarily rests on an argument that the magistrate judge does not understand the concept of medical equivalence and a request for this Court to "play doctor" and make its own medical diagnoses based on a compilation of symptoms. This argument is improper, especially considering the fact that Fox has cited no precedent whatsoever in regulation, rule, or case law suggesting her condition should be considered equivalent to Listing 1.04A. Fox's third objection will be overruled.

**D.**

As noted above, the remainder of Fox's arguments were already addressed and rejected by the magistrate judge. These objections that merely restate arguments previously presented and rejected are not proper objections, and serve only to waste judicial resources. *See VanDiver*, 304 F.Supp.2d at 937. The Court has reviewed these objections de novo, and now overrules them.

**IV.**

Because the ALJ reached her decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

Accordingly, it is **ORDERED** that Plaintiff Fox's objections, ECF No. 22, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 19, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Fox's motion for summary judgment, ECF No. 13, is **DENIED**.

It is further **ORDERED** that Defendant Colvin's motion for summary judgment, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

                                                                                                    s/Thomas L. Ludington
                                                                                                    THOMAS L. LUDINGTON
                                                                                                    United States District Judge

Dated: March 4, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2016.

                                                      s/Michael A. Sian
                                                   MICHAEL A. SIAN, Case Manager